UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE QUIÑONES-FIGUEROA,

    Petitioner,

v.                          Case No. 8:12-CV-2230-T-27AEP
                                   8:08-CR-308-T-27AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

O R D E R

    This cause comes on for consideration of Petitioner's Motion for Reconsideration After Denying Relief under Title 28 U.S.C. § 2255 (Cv-D-27), and the Government's response in opposition thereto (Cv-D-28).

    On May 15, 2013, the Court denied Petitioner's amended motion to vacate, set aside, or correct sentence after an evidentiary hearing. (Cv-D-4, 25.) Petitioner moves for reconsideration of that order based on Alleyne v. United States, No. 11-9335, --- S.Ct. ----, 2013 WL 2922116, Case No. 11-09335 (June 17, 2013). In Alleyne, the Supreme Court, in overruling Harris v. United States, 536 U.S. 545 (2002), found that "any fact that increases the mandatory minimum is an "element" that must be submitted to a jury." Alleyne, at *4. Petitioner claims that his sentence was unconstitutional because the amount of drugs and the number of prior convictions each increased his mandatory minimum sentence but were not proven to a jury.

First, <u>Alleyne</u> does not overrule <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 226-27, 239-40 (1998), which held that for sentencing enhancement purposes, a defendant's prior conviction does not have to be alleged in the indictment or submitted to a jury or proved beyond a reasonable doubt. <u>Alleyne</u>, at *9 n. 1. (noting that as the parties do not contest <u>Almendarez-Torres</u>' vitality, "we do not revisit it for purposes of our decision today.") As such, Petitioner's claim that his prior felony convictions could not be used to enhance his sentence as they were not charged in the Indictment or determined by a jury is without merit.

Nor is Petitioner entitled to relief as to his claim regarding drug quantity. The Indictment alleged in Count One a conspiracy to possess with the intent to distribute and to distribute 100 grams or more of heroin. (Cr-D-1, p. 1.) Petitioner agreed at his guilty plea hearing that the conspiracy involved more than 100 grams of heroin. Specifically, he agreed to the factual basis presented by the Government in open court. (Cr-D-82, p. 19.) The Government detailed three purchases of heroin by Wendell Rivera from Petitioner involving quantities of 10, 20 and 30 grams of heroin, respectively. (<u>Id.</u> at p. 16-17.) Rivera then ordered 50 additional grams of heroin from Petitioner. On April 16, 2008, when law enforcement executed a search warrant on the home, 50 grams of heroin was found secreted in a pool table. (<u>Id.</u> at p.

2

17.) This Court sentenced Petitioner based on the quantity of drugs he admitted. A court may impose a sentence based upon facts admitted by the defendant during his guilty plea. <u>United States v. Shelton</u>, 400 F.3d 1325, 1330 (11th Cir. 2005). Accordingly, Petitioner is not entitled to relief.

It is ORDERED that:

(1) Petitioner's Motion for Reconsideration After Denying Relief under Title 28 U.S.C. § 2255 (Cv-D-27) is GRANTED only to the extent that the Court has reconsidered its Order of May 15, 2013 and declines to amend it in any respect. The Court's previous ruling of May 15, 2013 is CONFIRMED.

DONE AND ORDERED at Tampa, Florida this 8th day of July, 2013.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE